ALFRED L. LOOMIS AND OTHERS, RESPONDENTS, *v.* THE THIRTY–FOURTH STREET RAILROAD COMPANY, APPELLANT.

HENRY HILTON, RESPONDENT, *v.* THE SAME, APPELLANT.

*Injunction restraining the unlawful construction of a railway in a street — it should restrain only the unlawful acts specifically found to exist.*

The complaint in this action alleged that the defendant, a railroad company, had wrongfully and unlawfully taken possession of a portion of Thirty-fourth street, in the city of New York, tearing up the pavement and soil and obstructing the street by constructing a surface railway through the same

without having obtained the consent of a majority of the owners of lots abutting upon said street, or an order of the Supreme Court allowing its construction notwithstanding the refusal of such consent, or the consent of the several railroad corporations then occupying with surface railways, portions of the said street.

The court found that the defendant was doing and attempting to do the several acts as so alleged in the complaint, and that the plaintiffs were entitled to a perpetual injunction, restraining and enjoining the defendant, its agents, servants, contractors, sub-contractors and laborers from constructing or operating a railroad in the said portion of the said street, and from taking up the pavement or interfering therewith, from laying down timbers or rails and from doing any act or thing towards the construction or operation of a railroad therein.

*Held,* that the relief granted was too extensive; that the restraint should be limited to the doing of the unlawful acts alleged in the complaint and found and described in the finding of fact, and should not include such as might possibly hereafter be done under the sanction of lawful authority.

APPEAL from judgments of the Special Term, awarding perpetual injunctions.

*G. P. Lowrey* and *A. Wakeman,* for the appellant.

*H. Russell,* for the respondents.

DAVIS, P. J.:

The only question presented upon these appeals arises upon the exceptions to the sixth conclusion of law of the court below and to the form of the judgment entered thereon. The causes of action alleged by the complaint are the wrongful and unlawful acts of the defendant in taking possession of a portion of Thirty-fourth street, tearing up the pavement and the soil and obstructing the street in constructing a surface railroad through the same without having obtained the consent of a majority of the owners of lots abutting upon said street, or an order of the Supreme Court under the provisions of the Constitution allowing the construction notwithstanding the refusal of such consent, or the consent of the several railroad corporations occupying by surface railroads now in operation in certain portions of Thirty-fourth street particularly described in the complaint. The findings of the court, upon what we must assume to have been sufficient evidence, establish that the defendant was doing, and attempting to do, these several alleged acts without having obtained the consent of the owners, or any

order of the court, and without the consent of the other railroad corporations, and that what the defendant had done, and was seeking to do, was wholly without the authority of law, and therefore a nuisance which the plaintiffs were entitled to have enjoined. But the court, after finding that the several wrongs alleged in the complaint were committed, and were unlawful for the reasons alleged, proceeded to hold, by the sixth conclusion of law, that the plaintiffs are entitled to a judgment of perpetual injunction, restraining and enjoining the defendant, its agents, servants, contractors, sub-contractors and laborers, from constructing or operating a railroad in said Thirty-fourth street, between the said Sixth and Lexington avenues; from taking up the pavement or interfering therewith; from digging or excavating in the roadway; from laying down timbers or rails, and from doing any act or thing towards the construction or operation of a railroad in said Thirty-fourth street, and the judgment entered thereon follows substantially the language of the sixth finding, and forever enjoins and restrains the defendant from constructing or operating a street surface railroad in said Thirty-fourth street, in said city, between said Sixth and Lexington avenues; from taking up the pavement or interfering therewith; from digging or excavating in the roadway; from laying down timbers or rails; and from doing any act or thing towards the construction or operation of a street surface railroad in said Thirty-fourth street, between said avenues, and from otherwise interfering with or obstructing said street.

The effect of the finding and judgment is, therefore, to prevent the defendants from ever constructing and operating any surface railroad through the part of Thirty-fourth street therein mentioned, without regard to the question whether or not its acts be lawful and in conformity, in all respects, to the requirements of the Constitution and statutes of the State. No case authorizing such a perpetual injunction is made by the complaints in these cases, or established by the findings of fact as made by the court, and no such legal conclusion follows from the facts found. What the plaintiffs were, and are clearly entitled to, are perpetual injunctions restraining the defendant from doing any of the unlawful and authorized acts set forth in the complaint, and beyond this the conclusions of law cannot be sustained. This question arises upon the exceptions to

such conclusions.   But the exceptions, although well taken, do not, in such cases, necessarily require a reversal of the judgment because the judgments can be made to conform to the case as made by the complaint and to the facts found by the court.   The power of the court in such a case is unquestionably clear, and should be exercised for the purpose of making the judgment such as the law permits upon the facts found upon the trial.   Under the judgments, as now entered, the defendant, which the case concedes to be a corporation lawfully organized under the laws of the State, is perpetually enjoined from exercising any of its functions as a corporation in that part of the street described in the judgments however clear and unquestionable its legal rights may hereafter be made to appear.   These cases turn wholly upon the fact that the defendant was doing the alleged acts without any authority of law, and that having been found to be the case, the acts it was doing were rightfully perpetually enjoined; but this by no means justified the court in pronouncing a judgment which will operate forever to prohibit the defendant from constructing or operating a railroad in the street if it shall ever obtain a constitutional and lawful authority so to do.

The authorities cited by the learned counsel for the respondent have no application we think to such a case for the question here is whether upon the facts found such a conclusion of law follows as that expressed in the sixth conclusion of the court upon which the judgments are entered.

The appellant presents a form of judgment which in our opinion is not admissible.   That form undertakes to prescribe certain conditions upon which we are asked to adjudicate in effect that the defendant may construct its railroad.   That is no part of the province of the court in pronouncing the judgment in this case, and the modification should not embrace any of those conditions. It should simply direct that the defendant be forever enjoined and restrained from doing, or continuing to do, any of the unlawful acts alleged in the complaint and found and described in the findings of fact, so that the injunction will operate to restrain those acts, and not such as may possibly hereafter be done under the sanction of lawful authority.

We think, therefore, that the sixth conclusion of law and the

judgments, as entered in each case, should be modified in conformity to these views, and affirmed as modified, without costs to either party.

BRADY and DANIELS, JJ., concurred.

Judgment modified, as directed in opinion, and affirmed, as modified, without costs to either party.